IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BILLY BUDD SULLIVAN,<br><br>                 Plaintiff,<br><br>   vs.<br><br>CHICAGO TITLE INSURANCE<br>COMPANY,<br><br>                 Defendant. | CV 16-98-M-DLC-JCL<br><br><br>ORDER |

## I.      Introduction

Plaintiff Billy Sullivan, proceeding pro se, filed an application requesting leave to proceed with this action in forma pauperis.  Sullivan submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Sullivan's motion to proceed in forma pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Sullivan's lodged complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court determines
> that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (I) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune
> > > from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Sullivan's pleading to consider whether this action

can survive dismissal under the provisions of section 1915(e)(2), or any other

provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th

Cir. 2005).

## II.    Background

In 1993 Sullivan purchased real property near Trego, Montana. Defendant

Chicago Title Insurance Company allegedly issued a title insurance policy relative

to the legal interests Sullivan acquired in the real property.

Sullivan alleges various defects in the real estate title he acquired have

2

arisen.  He alleges he has since discovered that multiple people own the real property, and others have asserted multiple easement interests in the real property adverse to Sullivan interests.

Sullivan alleges other problems have plagued the real property.  He references unidentified problems which were not disclosed to him before he acquired the property.  Sullivan also complains crime has occurred in the area of his real property due to the easement issues, such as trespassing, vandalism, theft, destruction of property, and drugs.

Sullivan alleges he has sustained damages based on the defects in the title to his property, and the various problems associated with his property, all of which he alleges Chicago Title Insurance Company has refused to remedy.  He contends Chicago Title Insurance Company is liable under its insurance policy for the title defects, and he alleges it is obligated to compensate him.  He requests approximately $200,000 in compensatory damages.

In substance, Sullivan's pleading advances a breach of contract claim against Chicago Title Insurance Company for its breach of the title insurance policy, thereby invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.

## III.   Discussion

Because Sullivan is proceeding pro se the Court must construe his pleading

liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Having reviewed Sullivan's allegations, the Court finds that at this stage of these proceedings his allegations at least state a claim upon which relief could be granted if his claims are proven true. Therefore, the Court will order that Sullivan's complaint be served on Chicago Title Insurance Company.

Because Sullivan is proceeding in forma pauperis, he is entitled to have his complaint and the summons served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Sullivan is obligated to provide the Court with an appropriate addresses for service on Chicago Title Insurance Company. *See Pullano v. Clark Co. Detention Ctr.*, 2010 WL 4272871, *2 (D. Nev. 2010).

Therefore, IT IS HEREBY ORDERED that on or before October 6, 2016, Sullivan shall file a notice which provides the Court with an appropriate address for service on Chicago Title Insurance Company. For a corporation, partnership or association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii) and 4(h)(1)(B).

At all times during the pendency of this action, Sullivan shall immediately

advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Sullivan is also advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) sua sponte under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 6th day of September, 2016.

Jeremiah C. Lynch
United States Magistrate Judge