IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BILLY BUDD SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CV 16–98–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this case on May 31, 2017, recommending that Defendant Chicago Title Insurance Company's ("Chicago Title") motion for summary judgment be granted. Plaintiff Billy Budd Sullivan ("Sullivan") timely filed objections to the findings and recommendations. Thus, he is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch concluded, and this Court agrees, that the statute of limitations applies here. Sullivan's claims under his title insurance policy relate back to 1993. (Doc. 2 at 9.) Under Montana Code Annotated § 27-2-202(1), a contract in writing is subject to an eight-year statute of limitations. Sullivan filed suit in August 2016, so his claims against Chicago Title are barred.

However, this Court also agrees with Judge Lynch that deference should be given to Sullivan as a pro se litigant, and the Court should address his claims on the merits. First, the Court finds that Chicago Title did not breach its insurance contract. Chicago Title's policy insured Sullivan against others who may also claim ownership in the subject property. There is no dispute there is no evidence in the public records or by Sullivan that any other person or entity holds title to Sullivan's property. Thus, his claim for breach of contract is without merit.

Sullivan objects to this conclusion. He contends that "[a]ccording to the local banks and certain county officials that there are several suits regarding the title insurance company with propertys in Lincoln County, I'm requesting full discloser of this. I'm not the only one that has been a victim of defective property." (Doc. 24 at 1.) However, this statement is made without direct

evidence that the "suits" actually exist. Sullivan did not submit additional evidence from these local banks or county officials regarding the validity of these "suits." Therefore, the Court finds that, without more, Sullivan's claim for breach of contract fails.

Next, Sullivan claims that Chicago Title is obligated to insure against the alleged "easement/right away issues." (Doc. 2 at 9.) In 1993 at the time of sale of Sullivan's property, Chicago Title's policy disclosed all easements and encumbrances within the public record, and the policy specifically excluded coverage for loss or damage caused by the specific easements which were expressly identified. (Doc. 23 at 10–11.) Judge Lynch concluded that all of Sullivan's claims relate to the easements identified by Chicago Title. The Court agrees with Judge Lynch that Sullivan has not presented or identified any evidence suggesting that there exists additional easements that are of public record but were not identified by Chicago Title's policy. Again, Sullivan's objection restates the same arguments made before Judge Lynch. There is no evidence relating to other easements. Thus, the Court finds that Chicago Title is entitled to summary judgment on Sullivan's claims asserting that easements exist burdening his property which Chicago Title is obligated to cover under its policy and provide compensation.

Third, Sullivan claims that criminal activities have occurred on his property due to the easement issues and that Chicago Title is liable for these activities. The Court agrees with Judge Lynch that the title insurance policy here does not insure against third parties' crimes against Sullivan's property. There is no language in the policy that would provide coverage for the intentional or criminal acts of others. Further, under Montana Code Annotated § 33-25-105(12), "a title insurer insures or indemnifies the insured against loss or damage sustained by reason of: (a) defects in or liens or encumbrances on the title to the stated property; (b) unmarketability of the title to the stated property; or (c) invalidity or unenforceability of liens or encumbrances on the stated property." Mont. Code Ann. § 33-25-105(12) (2015). Without any specific provision providing coverage, and pursuant to statute, the Court finds that Chicago Title's insurance policy does not cover the illegal and intentional acts of others.

Finally, Sullivan objects to this Court's treatment of this case. He states that "the judges involved with this case is showing discrimination, prejudice, favors, etc." (Doc. 24 at 1.) Sullivan requests that Judge Lynch recuse himself and that the Court appoint another judge to adjudicate this matter. The Court determines that Judge Lynch has not demonstrated any bias whatsoever in this case. Judge Lynch gave Sullivan a fair opportunity to respond to Chicago Title's motion for

summary judgment, and analyzed the claims thoroughly and fairly. If anything, Judge Lynch was deferential to Sullivan as a pro se litigant. Instead of simply granting summary judgment based on the statue of limitations, he addressed the merits of each claim.

Accordingly, IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 23) are ADOPTED IN FULL. Defendant Chicago Title's summary judgment motion (Doc. 17) is GRANTED. This case is DISMISSED.

DATED this 15th day of August, 2017.

Dana L. Christensen, Chief Judge
United States District Court